## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement is entered into as of the 1st day of April, 2014, by and between the Parties, Latoya Steward (the "Plaintiff"), plaintiff in the adversary proceeding entitled *Steward vs. Critique services, LLC, et. al*, pending in the United States Bankruptcy Court for the Eastern District of Missouri as adversary proceeding number 13-4284 and movant in a contested matter titled Motion for Disgorgement of Attorney Fees and Other Equitable and Punitive Relief Based on Inadequate Representation by Debtor's Counsel in the underlying bankruptcy case (Case No. 11-46399-705 at docket entry number 29) (taken together the "Litigation") and Critique Services LLC, James Robinson, Ross Briggs, Beverly Diltz, Renee Mayweather, and Doreatha Jefferson, aka Derotha Conners, Defendants (the "Defendants") in the Litigation, on the following terms and conditions:

## RECITALS

A.    From 2009 to 2011 Plaintiff sought and received advice concerning obtaining protection and relief under Title 11.

B.    At that time, Debtor owed a secured debt to Ford Motor Credit.

C.    On June 17, 2011, Plaintiff filed for bankruptcy protection in the Eastern District of Missouri.

D.    Plaintiff signed a reaffirmation agreement with Ford Motor Credit.

E.    Plaintiff subsequently defaulted on the reaffirmed debt prior to the expiration of the deadline to rescind the agreement.

F.   Plaintiff attempted to rescind the reaffirmation agreement with Ford Motor Credit but this was done beyond the statutory deadline.  As such Plaintiff has been garnished and still personally owes a debt to Ford Motor Credit.

G.   Plaintiff has alleged that the Defendants harmed her by failing to assist her with the rescission of the reaffirmation agreement.

H.   Defendants deny any liability regarding the rescission.

I.   To avoid the expense, delay, uncertainty, and risk inherent in litigation concerning the issue of rescission, the Parties have concluded that it is appropriate and have agreed, after arms-length negotiations, to resolve this issue through this Release and Settlement Agreement.

J.   The Parties agree that it is in their shared self-interest to include claims that are not related to the aforementioned rescission in this Release, and therefore any and all claims and issues that may exist between them, with regard to any actions or inactions of the Parties, whether alleged or un-alleged in the Litigation, and any other acts occurring up to the date of the execution of this Release and Settlement Agreement.

K.   The Defendants insist, and the Plaintiff accepts, that the monetary portion of this settlement exclusively concerns the post-petition issue of rescission and not a payment toward any other claims.  This designation shall not be deemed to limit the scope of the Mutual Release, which shall govern all claims between the parties.

L.   The Parties agree that this Release and Settlement Agreement represents the conclusion of the cases and controversies between them.

NOW, THEREFORE, for good and valuable consideration between the parties, including the payments and undertakings recited herein, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

2

1. <u>Settlement Payment</u>.  In consideration of the settlement provided herein and the Plaintiff's performance of her obligations under this Release and Settlement Agreement, and with no admission of liability or wrongdoing, and in satisfaction of their obligations hereunder and with no further obligations to the Parties not expressly provided for in this agreement, Defendants shall pay $27,500.00, via certified check, to Plaintiff, in care of The Law Offices of Mueller and Haller, LLC within ten business days of the approval of this Release and Settlement Agreement by the Court (the "Payment Date").  The Law Offices of Mueller and Haller, LLC shall hold the funds in trust until dismissal of the adversary proceeding and contested motion at which time the funds will be disbursed immediately to the Plaintiff.

2. <u>Mutual Releases</u>.  Effective as of the Payment Date referenced in paragraph 1, the Parties, their respective heirs, agents, employees, executors, attorneys, administrators, successors and assigns do hereby release one another from any and all claims, regardless of whether such claims arose pre-petition or post-petition, demands, liens, contracts, covenants, actions, suits, causes of action, obligations, controversies, debts, costs, expenses, fees, damages, judgments, orders and liabilities of whatever kind or nature, in law, equity or otherwise, whether now known or unknown, vested or contingent, which exist or may exist in the future, arising from or related to the Litigation, any allegations that the Plaintiff pled or could have pled in any pleading they filed in the Litigation or otherwise raised in the Litigation, and that occurred up to and including the date of the parties' execution of this Release and Settlement Agreement.

3. <u>Effective Date of Release and Settlement</u>.  This Release and Settlement Agreement, including, without limitation, the Mutual Releases set forth herein, shall become final and effective upon Court approval as further referenced in paragraph 4 of this Release and Settlement Agreement.

3

4. <u>Court Approval</u>. This Release and Settlement Agreement shall be conditioned upon and subject to approval from the Bankruptcy Court in both cases 11-46399 and 13-04284 currently pending in the Eastern District of Missouri. Plaintiff shall file a motion seeking court approval of this Release and Settlement which will not be opposed by the named Defendants.

5. <u>Entire Release and Settlement</u>. This Release and Settlement Agreement contains the entire release and settlement of the parties with respect to these matters (and solely with respect to these matters) and may not be modified in any way except in writing executed by the authorized representatives of each of the Parties hereto and approved by the Court.

6. <u>Authorization</u>. The individual signatories to this Release and Settlement Agreement represent that they have been duly authorized to execute this Release and Settlement Agreement on behalf of the parties they purport to represent herein.

7. <u>Dismissal of Civil Actions</u>. The Plaintiff represents and warrants that she will cause to be filed with the bankruptcy court a stipulation to dismiss and proposed order of dismissal in the Litigation, (both the adversary and the pending motion) with prejudice and with each party bearing its own fees and costs, within three (3) business days after the Payment Date, and will provide immediate notice of such filing to Defendants by email service of same to Mr. Elbert Walton and Mr. Ross Briggs and regular notice to other parties are required by law.

8. <u>Confidentiality.</u> In consideration of the settlement provided herein and Parties' performance of their obligations under this Release and Settlement Agreement, the Parties expressly agree to maintain all the terms of this Release and Settlement Agreement, and the Parties' performance of their obligations hereunder, as confidential. The Parties shall not voluntarily make any disclosures regarding the facts surrounding bankruptcy cases 11-46399 or

4

13-49620 to the media, any state or federal agency or court except to seek relief as provided at paragraph 17 below, unless written consent for such disclosure is obtained from the named Parties. This confidentiality provision shall not apply if one the Parties breach any of their obligations herein and this agreement is brought before the United States Bankruptcy Court for the Eastern District of Missouri in an action to enforce the terms or should the Plaintiff be arrested, summoned before a grand jury, indicted, or become the subject of a formal criminal information. This confidentiality provision shall not apply if the Plaintiff is named as a defendant in any judicial proceeding where an employee or former employee of any of the Defendants is a plaintiff. This provision shall be subject to paragraph 9 of this Release and Settlement Agreement. The Parties shall not authorize their attorneys to make any disclosures pursuant to Missouri Supreme Court Rule 4-1.6 regarding the facts surrounding bankruptcy cases 11-46399 or 13-49620 and any such disclosure shall constitute a breach of this Release and Settlement Agreement by the Party who was represented by the attorney.

9. <u>Settlement under Seal</u>. The Plaintiff shall file a Motion to Submit Release and Settlement Agreement for Court Approval under Seal with the Court.

10. <u>Third Party Rights</u>. None of the provisions of this Release and Settlement Agreement shall affect the Chapter 7 Trustee, Chapter 7 Estate, the United States Trustee, the United States Bankruptcy Court or the United States District Court. In particular, the Parties acknowledge that the sanctions order, dated November 13, 2013, entered on the contested motion against or on behalf of only some but not all parties to this Settlement and Release, is the subject of a pending appeal. This Settlement and Release does not purport to dispose of the sanctions order or the appeal from said order.

5

11. <u>Representations</u>. The Parties expressly represent that they have freely and voluntarily entered into this Release and Settlement Agreement after careful review and consultation with their respective counsel. Except as otherwise expressly set forth herein, no representations have been made by any of the parties with respect to any of the matters addressed in this Release and Settlement Agreement or with respect to the Litigation.

12. <u>Binding Release and Settlement</u>. This Release and Settlement Agreement will bind and inure to the benefit of each of the undersigned Parties' respective assigns, predecessors, successors, receivers, guardians, executors, administrators, heirs, partners, directors, officers, employees, shareholders, agents, beneficiaries and assignees, whether so expressed or not.

13. <u>Governing Law</u>. The terms, conditions and provisions of this Release and Settlement Agreement shall be governed by, and construed in accordance with, the United States Bankruptcy Code and to the extent applicable, the internal laws of the State of Missouri, without giving consideration to any other state's conflict of law provisions.

14. <u>Headings</u>. The use in this Release and Settlement Agreement of headings is for the convenience of reference only. Such headings are not and shall not be considered to be part of this Release and Settlement Agreement, nor shall such headings control the construction or interpretation of the terms and conditions hereof.

15. <u>Jurisdiction</u>. The Bankruptcy Court retains jurisdiction to enforce the terms and conditions of this Release and Settlement Agreement.

16. <u>Severability</u>. Any term or condition of this Release and Settlement Agreement found to be illegal or unenforceable shall not render this Release and Settlement Agreement void or unenforceable. Such terms or conditions shall be replaced by a provision, which reflects the original legal, enforceable intent of the Parties.

17.     <u>Disputes and Enforcement</u>.    All disputes and judicial enforcement regarding this Release and Settlement Agreement shall be resolved by the United States Bankruptcy Court for the Eastern District of Missouri.

18.     <u>Attorneys Not Parties to this Release and Settlement Agreement</u>:  Attorneys to the Parties of this Release and Settlement Agreement are not considered parties of this agreement. Any obligations of attorneys to Parties of this agreement stem from the attorney's obligations to their client under Missouri Supreme Court Rule 4 and are not independently created by this agreement.

IN WITNESS WHEREOF, each of the parties hereto has caused this Release and Settlement Agreement to be signed by itself or its duly authorized agents as of the date set forth in the first paragraph of this Release and Settlement Agreement.

**Plaintiff**

_Latoya Steward_  4-3-14
Latoya Steward          Date

**Defendants**

_Critique Services LLC_  4/1/14
Critique Services LLC      Date

By _Kimberly Diltz_

_James Robinson_  4/1/14
James Robinson            Date

_Ross Briggs_  4-1-14
Ross Briggs               Date

_Beverly Diltz_  4/1/14
Beverly Diltz             Date

_Renee Mayweather_  4/1/14
Renee Mayweather          Date

_Derotha Conners_  4/1/14
Doreatha Jefferson        Date
aka Derotha Conners

1