## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | § | **Case No. 11-46399-705** |
| | § | |
| **LaToya L. Steward,** | § | **Chapter 7** |
| | § | |
| Debtor. | § | |

## BENCH WARRANT
## FOR THE ATTACHMENT OF THE BODIES OF AND THE ARREST OF
## JAMES C. ROBINSON AND ELBERT WALTON, JR.

For the reasons set forth herein, the Court **ISSUES** this Bench Warrant and **ORDERS** the attachment of the bodies of and the arrest of **JAMES C. ROBINSON** and **ELBERT WALTON, JR.**

## I.  FACTUAL BACKGROUND

On June 10, 2014, the Court entered a Judgment that, among other things, imposed $49,720.00 in sanctions upon James Robinson, his "firm" Critique Services L.L.C., and their then-counsel, Elbert Walton Jr. (collectively, the "Respondents") for contempt, abuse, false statements, and other violations committed during the course of the litigation of the Debtor's Motion to Disgorge the attorney's fees paid to Robinson and Critique Services L.L.C.  The Judgment became final and effective fourteen days after its entry. The Respondents appealed the Judgment to the U.S. District Court.  However, they failed to obtain a discretionary stay of the effectiveness of the Judgment pending appeal, pay the sanctions, or post a bond. Accordingly, they proceeded through the appeal while in violation of the final and effective Judgment.  On March 31, 2015, the U.S. District Court affirmed the Judgment.  On April 14, 2015, Critique Services L.L.C. filed a Notice of Appeal to the U.S. Court of Appeals for the Eighth Circuit.

The Court can no longer ignore the ongoing violation of the Judgment and will not risk the possibility of non-payment of the sanctions.  Accordingly, on April 15, 2015, the Court entered an Order to (I) Pay the Sanctions; (II) Post the Supersedeas Bond; or (III) Show Cause as to Why They Are Not Obligated to Pay or Post, or Why Further Sanctions Should Not Be Ordered" (the "Pay, Post or Show Cause Order").  The Court gave notice that it is considering the

imposition of additional sanctions upon the Respondents for their failure to pay the sanctions, post the bond, or show cause as to why they should not be compelled to do either. The Court stated that it is considering monetary and non-monetary sanctions. The Court gave the Respondents until April 22, 2015 to respond[1] by paying the sanctions, posting a supersedeas bond of $52,206.00,[2] or showing cause as to why they should not be required to do either or why sanctions for their non-performance should not be imposed.

## II. THE RESPONSES TO THE PAY, POST OR SHOW CAUSE ORDER

Demonstrating their usual unmitigated arrogance and complete lack of respect for the Court or themselves as attorneys, Robinson and Walton did not respond to the Pay, Post or Show Cause Order.

On April 22, 2015, Critique Services L.L.C., through its new counsel, Laurence Mass,[3] filed a response [Docket No. 280], in which it represented that it was attempting to obtain the bond and requested an extension of time to obtain the bond. [4] On April 23, 2015, Critique Services L.L.C. filed a Motion for Authority

---

[1] The Court did not sua sponte set the Pay, Post, or Show Cause Order for hearing, and no party requested a hearing.

[2] The bond secures only the satisfaction of the sanctions. It does not secure the payment of the $495.00 judgment rendered in favor of the Debtor. The Debtor has not requested that a bond be set on this small amount.

[3] After the entry of the Judgment, Critique Services L.L.C. replaced Walton for Mass as its counsel in this matter as well as in the appeal of this matter. Robinson and Walton represent themselves.

[4] The sanctions were imposed jointly and severally upon Critique Services L.L.C., Robinson, and Walton. Prior to the entry of the Judgment, Robinson represented that he "does business as" Critique Services L.L.C. During the course of the litigation of the Motion to Disgorge, the Court sought clarification of this alleged relationship between a natural person and an artificial entity, but none was offered. Accordingly, in the Judgment, the Court imposed the sanctions upon Robinson d/b/a Critique Services L.L.C. or upon Robinson and Critique Services—in whatever capacity they happen to actually be related. Since the entry of the Judgment, Critique Services L.L.C. has changed its tune and alleges that it is distinct from Robinson. To any degree, given the inconsistent representations made in this Case post-Judgment regarding the relationship between Robinson and Critique Services L.L.C., the Court will not treat Critique

to Post Cash Bond [Docket No. 282]. On April 24, 2015, the Court entered an order [Docket No. 283] directing that Critique Services L.L.C. be given a ten more days—until May 4, 2015—to post the bond. The Court also entered an order [Docket No. 284] granting the Motion for Authority to Post Cash Bond, but made clear: any bond would secure not only Critique Services L.L.C.'s obligation, but the obligations of all Respondents who appealed (as of April 24, 2015, the deadline for filing an appeal had not expired; Robinson and Walton still had time to appeal, despite not having done so yet, at that point). The sanctions were imposed jointly and severally; the bond must be of the same nature—although the Court does not care who funds the bond or how the appealing Respondents might divvy up the cost of the bond amongst themselves.

### III. DETERMINATION OF WHETHER IT IS PROPER TO IMPOSE ADDITIONAL SANCTIONS

#### A. Critique Services L.L.C.

The Court **HOLDS** that it is proper to delay the determination of whether to impose additional sanctions against Critique Services L.L.C. until after the ten-day period extension period.  If the bond is not posted by then, the Court will revisit the issue of whether it is proper to impose additional sanctions against it and/or against its alleged owner, Beverly Diltz.[5]

#### B. Robinson and Walton

As noted above, neither Robinson nor Walton has filed a response to the Pay, Post or Show Cause Order. Neither has paid the sanctions or posted the bond.  Neither has argued that he is not required to pay the sanctions or post the bond.  Neither has suggested that there is any cause for not further sanctioning him. Neither made a representation that he is attempting to procure a bond. Neither alleged financial incapability. Perhaps Robinson's and Walton's failure to

---

Services L.L.C.'s efforts to procure a bond as a representation of Robinson's efforts to do the same.

[5] Following the entry of the Judgment, for the first time, Critique Services L.L.C. alleges that Diltz is its sole owner.

respond was a misguided attempt to piggyback off Critique Services L.L.C's representation that it is attempting to post the bond. However, the fact that one of the Respondents appears to be attempting to post the entire amount of the bond does not relieve the other Respondents from their co-existing obligation to do the same. Critique Services L.L.C.'s efforts to do not provide the other Respondents with derivative "cover" for their failure to pay or post.

On April 28, 2015, Robinson and Walton filed their joint Notice of Appeal to the U.S. Court of Appeals for the Eighth Circuit. No bond was posted in conjunction with filing their Notice of Appeal, and neither Robinson nor Walton have suggested that he intends to post the bond.

Accordingly, the Court **FINDS** that Robinson and Walton failed pay, post or show cause as to why additional sanctions should not be imposed, and **HOLDS** that it is proper to impose additional sanctions to garner their compliance with their obligation to post the bond as they further appeal.

## IV. THE FUTILITY OF MONETARY SANCTIONS AND LESS COERCIVE NON-MONETARY SANCTIONS

The imposition of additional monetary sanctions would be fruitless. The record in this Case clearly establishes that monetary sanctions do not garner the Respondents' compliance with court orders. Similarly, the record in this Case establishes that the imposition of light-weight non-monetary sanctions would be useless.  Over the course of this Case, the Court has: revoked Robinson's CM-EFC privileges; revoked Robinson's privilege of using the exteriorly located drop box for filing; suspended Robinson and Walton from the privilege of practicing before the Court; referred the Judgment to the U.S. District Court for disciplinary investigation; referred the Judgment to the U.S. Trustee for suspected bankruptcy fraud; held the Respondents in contempt; and imposed sanctions against Robinson for discovery violations, including striking the answer and directing that the well-pleaded allegations by the Debtor be determined to be fact. None of these non-monetary sanctions garnered the Respondents' compliance with their discovery obligations.  The Court will not further indulge Robinson and

Walton by imposing additional monetary sanctions or softball non-monetary sanctions that will just be ignored and do nothing to garner their compliance.

## V. THE COURT'S AUTHORITY TO ORDER ATTACHMENT AND ARREST

It is well-established law that the Bankruptcy Court has the power to impose sanctions for civil contempt to enforce compliance with its orders. Here, the Court has provided the Respondents with notice and specificity of its intent to impose monetary and/or non-monetary sanctions for refusing to pay the sanctions or post the bond, and provided the Respondents with an opportunity to respond. It also is well-established law that the Bankruptcy Court has the power to sanction by incarceration to obtain compliance when a party is in civil contempt of an order. Incarceration of a civil contemnor does not convert the matter into a criminal contempt proceeding. *In re Spanish River Plaza Realty Co., Ltd.*, 155 B.R. 249, 254 (Bankr. S.D. Fla. 1993). And it is well-established law that incarceration is a civil sanction and not a criminal punishment when release is conditioned upon the contemnor's performance with his obligation. *Shillitani v. United States*, 384 U.S. 364, 369 (1966) (in a case where incarceration was ordered of a witness who refused to testify, the U.S. Supreme Court reasoned that, "[w]hile any imprisonment, of course, has punitive and deterrent effects, it must be viewed as remedial if the court conditions release upon the contemnor's willingness to testify."). Persons incarcerated as a result of civil contempt "carry the keys of their prison in their own pockets." *In re Nevitt*, 117 F. 448, 461 (8th Cir. 1902); *see In re Hans Juerfen Falck*, 513 B.R. 617, 619 (Bankr. S.D. Fla. Jul. 25, 2014). As the Court will set forth below, the terms of Robinson's and Walton's incarceration will place the keys to their release in their own pockets.

While "[c]oercion [by incarceration] is appropriate only when the person being coerced has the ability to pay," *In re Hans Juerfen Falck*, 513 B.R. at 619, neither Robinson and Walton have alleged that they are unable to post the bond. Robinson and Walton remain free to make a financial incapacity argument. However—given their past history in this matter of making baseless factual allegations, asserting false and misleading statements, and refusing to make disclosures about Robinson's business—Walton and Robinson should

understand that proving financial inability will require evidence (of assets, liabilities, recent tax returns, wages or other income, and other relevant material). Vaguely insisting on financial incapability will not suffice.

## VI.  DIRECTIVE TO THE U.S. MARSHALS TO ATTACH THE BODIES OF AND ARREST JAMES C. ROBINSON AND ELBERT WALTON, JR.

Because monetary sanctions and lesser non-monetary sanctions would not garner compliance, and because the Respondents have failed to comply with the Pay, Post or Show Cause Order, the Court **ORDERS** that the attachment of the bodies of and the arrest of **JAMES C. ROBINSON** and **ELBERT WALTON, JR.** Each is to be held in custody for the lesser of (i) thirty (30) days, or (ii) until (a) the $52,206.00 bond is posted, or (b) other cause is shown making his release from incarceration proper.

## VII.  TERMS OF RELEASE

If the bond is posted before the thirty (30) days has expired, upon notification of such posting, the Court will promptly enter an order directing Robinson's and Walton's release.  If the bond is not posted within thirty days of incarceration, the Court will hold a hearing promptly thereafter and direct that the bodies of Robinson and Walton be produced to the Court for such hearing.  At that hearing, the Court will determine the appropriate next step.

## VIII.  DIRECTIVE TO FILE A NOTICE OF POSTING OF BOND

The Court **ORDERS** that, upon the posting of the bond, the Respondents (i) file a Notice of Posting of the Bond, and (ii) telephone the Court's law clerk to advise of the Notice of the Posting of the Bond.  Upon confirmation of the posting the bond, the Court will enter a Notice of Receipt of Bond.

## IX.  STAY OF EFFECTIVENESS THROUGH MAY 4, 2015

The Court has given Critique Services L.L.C. until May 4, 2015, to post the bond. Accordingly, the Court **ORDERS** that the effectiveness of this Bench Warrant be **STAYED** through May 4, 2015, in anticipation of the posting of the bond, which would secure the performance of all three Respondents. However, this stay in no way relieves Robinson and Walton of their separate obligations to post the bond, and in no way suggests that they are acting in good faith.

## X. CONCLUSION

The Court is disappointed and irritated, although not surprised, that the seemingly never-ending contemptuous attitude of Robinson and Walton has now resulted in the need for the utilization of the valuable time, resources, and expertise of the U.S. Marshals. The Court is confident that the U.S. Marshals have many matters to address involving dangerous persons and urgent circumstances, and do not need the inconvenience of having to chase down bad-actor attorneys who believe that contempt is an acceptable form of professional practice. However, the Court will state this in unequivocal terms: ***if the bond is not posted by May 4, 2015, this Bench Warrant will become effective on May 5, 2015, and will be delivered to the U.S. Marshals for execution.***

DATED: April 29, 2015
St. Louis, Missouri 63102
erk

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge